IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN EDWARD PARKER,

    Plaintiff,

v.                                                                  CASE NO. 4:06-cv-00082-MP-AK

BRENT CHAMBERS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action alleging that Defendant Brent Chambers threatened to use an electronic shield on him to make him take a DNA test. (Doc. 21). In his original complaint (doc. 1), Plaintiff admitted that he had not exhausted his administrative remedies and in this his amended complaint, Plaintiff indicates that he is in the "process" of grieving his claims.

The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; see also Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an

excessive force claim is subject to the exhaustion requirement).

Further, Plaintiff claims excessive force by Defendant Chambers, but alleges only that he threatened to use force.  Mere threats do not constitute constitutional claims. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  A de minimis use of force, as evidenced by no injury, cannot support a claim of excessive use of force.  Hudson v. McMillian, 503 U.S. 1, 7-8 (1992).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 21, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this,  **16th** day of October, 2006.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**